UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY C. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-1307-JDT-egb |
| | ) | |
| CORRECTION CORP. of AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER PARTIALLY DISMISSING COMPLAINT,
DENYING MOTION TO APPOINT COUNSEL (ECF No. 3.), AND
DIRECTING THAT PROCESS BE ISSUED
AND SERVED ON DEFENDANT COX

_____

On November 6, 2014, Plaintiff, Timothy C. Watson ("Watson") whose claims arise during his period of incarceration at Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, a motion to appoint counsel, and motion asking leave to proceed *in forma pauperis*. (ECF Nos. 1, 2, & 3). In an order issued November 7, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5). The Clerk shall record the defendants as Corrections Corporation of America ("CCA"), HCCF Warden Michael Donahue, HCCF Assistant Warden T. Dickerson, HCCF Chief of Security S. Cassidy, HCCF Assistant Chief of

Security First Name Unknown ("FNU") Smalls, Unit Manager S. Martin, Nurse FNU Hamilton, and HCCF Medical Health Administrator Alicia Cox.[1]

## I. THE COMPLAINT

Watson complains that his Eighth Amendment and Fourteenth Amendment rights against cruel and unusual punishment and equal protection as well as his right to due process were violated by the defendants. (Compl. at 6, ECF No. 1.)

Watson alleges that Defendants Donahue, Dickerson, Cassidy, and Smalls failed in their duty to train and supervise Martin and Officer "Jane Doe." (*Id.*) Watson states that there were reports containing violent and "potentially life-threatening threats" about him, such that he was required to sign a waiver of liability to be housed in the general population. (*Id.* at 7-8.) Watson contends that Defendants Donahue, Dickerson, Cassidy and Smalls knew of these threats, but failed to adequately protect him from harm. (*Id.* at 8.) Watson alleges that on November 8, 2013, Officer "Jane Doe" let two inmates out of their cell who stabbed, cut, and assaulted him. (*Id*. at 4.)

Watson further provides that Defendants Cassidy and Smalls lied to the public about the event and refused to allow him to prosecute Officer "Jane Doe." (*Id.*at 7.) He states that Defendants Cassidy and Smalls, with the "acquiescence from Defendant Donahue," denied him the opportunity to prosecute those involved in the attack. (*Id.*) The complaint continues to allege that Defendants Cox and Hamilton only provided Watson with aspirin, did not

---

[1]Watson also purports to sue Booth Officer "Jane Doe." Service of process cannot be made on a fictitious party. The filing of a complaint against "Jane Doe" does not toll the running of the statute of limitations against that party. See *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate "Jane Doe" as a defendant.

examine his wrist, and did not take proper steps to diagnose his injuries in order to "cover up" the extent of his injuries after the attack. (*Id.*)

Watson alleges a number of actions after the attack. On November 11, 2013, Defendant Dickerson dismissed his grievance because he "described the injuries as slashes and cuts." (*Id.* at 4.) On May 8, 2014, Watson alleges that he was denied medical treatment by Defendant Denison. (*Id.* at 5.) His cell was searched two times on or about May 16, 2014. (*Id.*) From March to June 2014, his cell was searched with dogs and power tools a total of thirteen times. (*Id.*) He has been transferred numerous times, although when any of the transfers occurred is not clear from the Complaint. (*Id.*) On June 6, 2014, Watson had to kill a brown spider in his cell after multiple requests for maintenance to spray his cell. (*Id.*) Watson further claims that during March 2014, internal affairs suspended his visits and twice wrote him up for violations of state law, both of which were dismissed. (*Id.*) As of September 11, 2014, his visits remain suspended.

Watson additionally complains that he was denied adequate medical treatment by Defendant Cox. (*Id.* at 9.) Watson alleges that on November 18, 2012, the grievance board mandated he see a doctor for medical treatment of injuries to his wrist and hand. (*Id.* at 3.) Watson contends that on December 2, 2012, Defendant Hamilton gave him a 35-45 second evaluation and discontinued his medication based "off the value of his shoes." (*Id.*) On June 2, 2013, six months later and with no additional treatment, Watson signed up, again, for sick call. (*Id.*) Watson alleges that he signed up for sick call on June 29, 2013, July 1, 2013, August 11, 26, 28, and 30, 2013, and September 2 and 5, 2013 and was denied treatment on all dates with the exception of a prescription for aspirin after the August 11, 2013 visit. (*Id.* at

4.)[2]  Watson states that Defendant Cox is responsible for ensuring all sick call requests are scheduled and inmates are seen within a reasonable time.  (*Id.*)

Watson seeks compensatory and punitive damages as well as a preliminary and permanent injunction ordering all defendants to correct the wrongs that caused his injuries. (*Id.* at 9.)

## II. ANALYSIS

A.   Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of

---

[2]Confusingly, Watson alleges that Defendants Cox and Hamilton did not examine his wrist in order to cover up the extent of his injuries (*Compl.* at 7, ECF No. 1.); however, he also states that the injuries stemming from the assault by the inmates were stab wounds, cuts, and slashes to his stomach and left arm (*Id. at 6.)* – not his wrist.

truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert.*

> *denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979)
> (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs
> should plead with requisite specificity so as to give defendants notice);
> *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must
> meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-

2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se*

complaint for failure to comply with "unique pleading requirements" and stating "a court

cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark*

*v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original);

*Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte*

dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor

the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225,

231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se*

litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline

to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se*

litigants. Not only would that duty be overly burdensome, it would transform the courts from

neutral arbiters of disputes into advocates for a particular party. While courts are properly

charged with protecting the rights of all who come before it, that responsibility does not

encompass advising litigants as to what legal theories they should pursue.").

B.      § 1983 Claim

Watson filed his ten-page, typed complaint pursuant to actions under 42 U.S.C.

§ 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable

to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1.  *Claims against Defendants in their Official Capacity and against CCA*

Watson sues all defendants in their official and individual capacities. Defendants are all employed by HCCF which is owned by the CCA. Claims against these CCA employees must be construed as claims against CCA itself, which is a named defendant in this case. *Cf. Will*, 491 U.S. at 71. However, the complaint does not assert a valid claim against CCA. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thoma*s, 55 F. App'x at 748-49; Street, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCA, Watson

"must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Watson suffered any injury because of an unconstitutional policy or custom of CCA.

2.  *Claims against Defendants Donahue. Dickerson, Cassidy, Smalls, and Cox as Supervisors*

Defendants Donahue, Dickerson, Cassidy, Smalls, and Cox cannot be sued as supervisors. Under 42 U.S.C. 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d at 609-10 ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands

and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

3. *Equal Protection Claim, Class of One*

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, 1.

> The purpose of this provision is "to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445, 43 S. Ct. 190, 67 L. Ed. 340 (1923) (internal quotation marks and citation omitted). . . . Equal protection challenges are "typically ... concerned with governmental classifications that affect some groups of citizens differently than others." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) (internal quotation marks and citation omitted). However, the Supreme Court has recognized that a "class-of-one" may bring an equal protection claim where the plaintiff alleges that: (1) he or "she has been intentionally treated differently from others similarly situated"; and (2) "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

*United States v. Green*, 654 F.3d 657, 650-51 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1056 (2012). The complaint does not allege that Watson was discriminated against because of his membership in a protected class.

4. *Due Process Claims*

Watson complained that Defendant Dickerson dismissed his grievance by mischaracterizing his injuries. (Compl. at 4, ECF No. 1.) Inmates do not have a right under the Due Process Clause to an effective grievance mechanism. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Smith v. Corr. Corp. of Am.*, 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner "had no constitutional right to . . . disciplinary or grievance systems that met his standards"); *Shehee v. Luttrell*, 199 F.3d at 300; *Irvin v. Fluery*, No. 2:07-

cv-117, 2007 WL 5328577, at *2 (W.D. Mich. Sept. 11, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure.")(report and recommendation), adopted, 2007 WL 3036493 (W.D. Mich. Oct. 16, 2007); *Mackey v. Carberry*, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007) (report and recommendation adopted as opinion of the Court); *Holloway v. Drew*, No. 2:07-CV-160-MEF, 2007 WL 1175067, at *2 (M.D. Ala. Apr. 4, 2007) (report and recommendation); *Robertson v. Montgomery Cnty.*, No. 3 06 0435, 2006 WL 1207646, at *2 (M.D. Tenn. Apr. 27, 2006) ("[S]tate law does not create a liberty interest in the grievance procedure."); *Robinson v. Hastings*, 2006 WL 950185, at *4.4    Defendant Dickerson did not violate Watson's constitutional rights by finding that his grievance was unfounded.    *George v. Smith*, 507 F.3d at 609-10 ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.   A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.")

5.    *Eighth Amendment Claim for Failure to Protect*

Watson's claim that Defendants failed to protect him from his fellow inmates arises under the Eighth Amendment, which prohibits cruel and unusual punishments.   *See generally Wilson v. Seiter*, 501 U.S. 294 (1991).    An Eighth Amendment claim consists of both objective and subjective components.   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010).   The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). "The Supreme Court has held that 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. at 32; *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but

did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). The subjective component must be evaluated for each defendant individually. *Bishop*, 636 F.3d at 767; *see also id.* at 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

Although a failure to protect an inmate from the risk of violence from other prisoners might satisfy the objective component of an Eighth Amendment claim, Watson's complaint does not adequately allege the subjective component of an Eighth Amendment violation for each defendant. It is necessary to assess whether each of the defendants actually perceived that a substantial risk to Watson's personal safety existed and whether each defendant was deliberately indifferent to that risk. Watson states that the defendants knew of violence and "potentially life-threatening threats" from reports. (Compl. at 5, ECF No. 1.) However, Watson does not provide specific allegations that each individual defendant drew the inference that a substantial risk of harm existed for Watson. Watson's conclusory allegations that defendants were aware of facts from which conclusions could be drawn (*Id.* at 8), are not sufficient to establish each individual defendant's knowledge. Additionally, Watson alleges that the injury stemmed from Officer Doe allowing two inmates out of their cell outside of procedure. (*Id.* at 4.) This allegation contradicts any sort of planned assault on Watson as the alleged assault happened as result of potential negligence or error. The subjective component cannot be imputed to Officer "Jane Doe" if specifically identified, because mere violations of

policy do not establish that Officer "Jane Doe" was aware of the risk to Watson's safety and deliberately disregarded that risk.

6.     *Eighth Amendment Claim for Medical Indifference*

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'. . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*, at 106.

Within the context of *Estelle* claims, the objective component requires that the medical need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* 511 U.S. at 835-36.

Watson's claim of medical indifference regarding the treatment of his wrist is predicated upon factual allegations of lack of treatment from December 2, 2012 to September 5, 2013. (Compl. at 3-4, ECF No. 1.) The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for 1983 actions arising in Tennessee is the one-year limitation provision found in Tennessee Code Annotated § 28-3-104(a). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Watson's complaint was signed on October 30 2014 and, therefore, every claim based on incidents that occurred prior to approximately October 30, 2013 ordinarily would be untimely. *Houston v. Lack*, 487 U.S. 266, 270-71, 276 (1988). The running of the limitations period is tolled during the pendency of a properly filed inmate grievance. *Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). Here, Watson

alleges that he filed a greivance on June 11, 2013. (Compl. at 4, ECF No. 1.) Because the statute of limitations is an affirmative defense, and because a factual issue exists about when or whether (as no grievance is attached) Watson filed those grievances, the Court will assume that the running of the limitations period was tolled from June 11, 2013. Watson's claims based on events occurring before those dates are, on their face, time barred.

The allegations against Defendants Cox and Hamilton appear to be focused on the wrist injury, not any injuries stemming from the assault, as Watson states, "defendants Cox and Hamilton only provided Plaintiff with aspirin, never unwrapped Plaintiff's wrist to examine it, and never took any of the steps necessary to determine the extent of the damage." (*Id.* at 7.) There are no allegations that Defendant Hamilton was aware of the June 11, 2013 greivance or aware of any need for additional treatment. At best Defendant Hamilton's involvement in prescribing aspiring comports to medical negligence, not indifference; therefore, Defendant Hamilton cannot be indifferent to a situation she is not purported to know exists. For purposes of this screening, Watson has alleged a plausible claim for violation of the Eighth Amendment against Defendant Cox.

C.    Motion for Appointment of Counsel (ECF No. 3.)

On November 6, 2014, Watson filed a motion for appointment of counsel. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances.

*Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Because Watson has not met the threshold showing likelihood of success, the motion is DENIED.

## IV. CONCLUSION

The Court DISMISSES Watson's complaint against Defendants CCA, Donahue, Dickerson, Cassidy, Smalls, Martin, and Hamilton for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendant Cox in her individual capacity on Watson's Eighth Amendment claim for medical indifference.

It is ORDERED that the Clerk shall issue process for Defendant Cox and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Cox pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Watson shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Cox or on any unrepresented Defendant. Watson shall make a certificate of service on every document filed. Watson shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Watson shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

**s/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.